KREUZFELD A.G., as preferred shareholder of Alber Corporation (U.S.A.) and on behalf of all those similarly situated, Plaintiffs,

v.

Bertil L. CARNEHAMMAR, Brigitta Carnehammar, Ole Book, and Alber Corporation (U.S.A.), Defendant.

No. 89–6893–CIV.

United States District Court,
S.D. Florida,
West Palm Beach Division.

June 5, 1991.

Richard E. Berman, of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Ft. Lauderdale, Fla., for plaintiffs.

Robert Beckman and Dwight Sullivan, for Alber Corp., Bertil Carnehammar.

Edward C. Fitzgerald, of Moyle, Flanagan, Katz, Fitzgerald, Sheehan, P.A., West Palm Beach, Fla., for Ole Book.

## OMNIBUS ORDER

PAINE, District Judge.

Before the court is the Plaintiff's, KREUZFELD A.G. ("KREUZFELD"), Motion for Class Certification (DE 47), Motion for Sanctions Against Bertil L. Carnehammar for Failure to Comply with Discovery Order (DE 154), Motion to Compel Response of Defendant Bertil L. Carnehammar to Deposition Question Together with Motion for Sanctions for Failure to Comply with Discovery Order (DE 170), Emergency Motion for Preliminary Injunction Against Defendant, Bertil L. Carnehammar (DE 171), Motion to Strike Claim for Punitive Damages and Attorney's Fees (DE 196), Motion to Strike Claim for Punitive Damages and Attorney's Fees (DE 216), Motion for Leave to Serve Additional Interrogatories Upon Bertil L. Carnehammar and Alber Corporation (DE 206), the Defendants', BERTIL CARNEHAMMAR ("CARNE-HAMMAR") and ALBER CORPORATION ("ALBER"), Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted (DE 104), Motion to Terminate or Limit Examination (DE 178), Motion for Summary Judgment (DE 181), Motion for Protective Order (DE 150), Motion for Protective Order (DE 207), Motion for Postponement of Trial and for Special Trial Setting (DE 195), Motion of Bertil Carnehammar for Leave to Amend Answer and Counterclaims (DE 200), Motion of Alber Corporation (U.S.A.) for Leave to Amend Answer (DE 199), the Defendant's, OLE BOOK, Motion to Disqualify Attorneys for the Defendants for Conflict of Interest (DE 65), Intervenor's, Markus Winkler, Motion to Intervene (DE 24), Intervenor's, Gunter Burkart, Motion to Intervene (DE 57), Intervenor's, Richard Schlund, Motion to Intervene (DE 58). Following a hearing on these matters on January 10, 1991 and having reviewed the record, the memoranda of counsel and the law, the court enters the following order for the reasons set forth hereinafter.

## BACKGROUND

This is a proposed class action suit brought by KREUZFELD, a Swiss corporation, as preferred shareholder, and on behalf of all other persons similarly situated. In its Verified Complaint—Class Action (DE 1), the Plaintiff seeks to rescind al-

leged fraudulent sales of stock in a privately held Florida corporation, ALBER, and in the alternative, recover damages pursuant to Sections 12(1) and 12(2) of the Securities Act of 1933, and Rule 10b–5 of the Securities and Exchange Commission. The proposed class, most of whom reside in Europe, is said to consist of approximately 130 individuals who purchased stock in ALBER between December 1, 1986 and March 31, 1988.

According to the Plaintiff, the Defendants, ALBER, CARNEHAMMAR and BOOK have, *inter alia,* engaged in practices and courses of business which operated as a fraud upon the proposed class in connection with the purchase and sale of ALBER preferred stock. The Verified Complaint also sets forth numerous derivative claims against CARNEHAMMAR and BOOK for alleged breaches of fiduciary duty while acting as directors of ALBER. Additionally, CARNEHAMMAR and his wife, BRIGITTA CARNEHAMMAR ("MRS. CARNEHAMMAR") are named in four pendant state law claims which seek relief for the alleged use of ALBER corporate funds to purchase, repair, improve and pay the mortgage on two residences titled in the name of MRS. CARNEHAMMAR.[1]

## MOTION FOR CLASS CERTIFICATION

In its Motion for Class Certification (DE 47), the Plaintiff seeks to certify a class pursuant to Federal Rule of Civil Procedure 23(b)(3). To maintain an action under this Rule, the proposed class must first satisfy the four prerequisites set forth in Rule 23(a). *General Telephone Co. of the Southwest v. Falcon,* 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). Rule 23(a) provides that:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative

parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

If this burden can be satisfied, suit may be maintained as a class action only if it falls within one of the three categories set forth in Rule 23(b) of the Federal Rules of Civil Procedure. In the present case, KREUZFELD seeks certification under Rule 23(b)(3). That Rule provides:

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

It is from this posture that the court will first consider whether the Plaintiff has satisfied the four prerequisites of Rule 23(a).

## I. NUMEROSITY.

 Rule 23(a)(1) provides that a class action can be maintained only if the proposed "class is so numerous that joinder of all members is impracticable." There is, however, no specific number of class members necessary to indicate impracticality of joinder. *Cypress v. Newport News General and Nonsectarian Hospital Ass.,* 375 F.2d 648 (4th Cir.1967). The district court must consider a number of factors along

---

**1.** By order dated December 14, 1990 (DE 177), the court dismissed MRS. CARNEHAMMAR from the instant action without prejudice in

light of the Supreme Court's holding in *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989).

with the numerosity of the proposed class when determining impracticality of joinder. In this respect it has broad discretion which will not be disturbed unless it is shown that such discretion has been abused. *Griffin v. Carlin,* 755 F.2d 1516 (11th Cir.1985). Among the many factors which are to be considered, along with the number of class members, is geographic diversity, *Kilgo v. Bowman Transp., Inc.,* 789 F.2d 859 (11th Cir.1986), judicial economy, *Philadelphia Electric Co. v. Anaconda American Brass Co.,* 43 F.R.D. 452 (E.D.Pa.1968), and the ease of identifying the members of the class and determining their addresses. *Zeidman v. J. Ray McDermott & Co.,* 651 F.2d 1030 (5th Cir. Unit A July 1981).

Because of the various factors which are taken into consideration, there is no definitive pattern that has emerged under Rule 23(a)(1) in terms of the number of purported class members. 7 C. Wright & A. Miller, *Federal Practice and Procedure* § 1762 (1969). Classes with as few as twenty-five or thirty members have been certified by some courts. *Id.* Where the question of numerosity is a close one, however, a balance should be struck in favor of a finding of numerosity, as the court has the option to decertify pursuant to Rule 23(c)(1). *Evans v. U.S. Pipe & Foundry Co.,* 696 F.2d 925 (11th Cir.1983).

In the present case, the Plaintiff contends that the proposed class consist of approximately one hundred and thirty European investors who purchased ALBER stock between December 1, 1986 and March 31, 1988. The Defendants, in turn, do not dispute this figure. Taking this number into consideration, along with geographic dispersement, as well as judicial economy, the court holds that the numerosity requirement is satisfied by the proposed class.

## II. COMMONALITY.

 The second condition under Rule 23(a) which must be established by the Plaintiff is the presence of common questions of law or fact. This provision, however, does not require that all class members share the exact same legal claims. *Johnson v. American Credit Co. of Georgia,* 581 F.2d 526 (5th Cir.1978).[2] Rather, the issue turns on whether there exists at least one issue affecting all or a significant number of proposed class members. *Stewart v. Winter,* 669 F.2d 328 (5th Cir.1982).

In the present case, the Plaintiff's Verified Complaint sets forth numerous questions of law or fact which clearly satisfy this requirement. These include, *inter alia:* (1) whether ALBER through CARNEHAMMAR failed to disclose and/or misrepresented material facts concerning ALBER stock; (2) whether CARNEHAMMAR arranged for ALBER's exchange of common stock for preferred stock in order to induce the class to refrain from taking legal action and to purchase more stock; and (3) whether the Defendants violated federal securities laws in connection with the sale of ALBER stock.

## III. TYPICALITY.

 In order to satisfy the "typicality" prerequisite of Rule 23(a), KREUZFELD must show that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). The central inquiry in determining whether a proposed class has "typicality" is whether the "class representative [is] part of the class and 'possess[es] the same interest and suffer[s] the same injury' as the class members." *East Texas Motor Freight System v. Rodriguez,* 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977) (*quoting Schlesinger v. Reservists Comm. to Stop the War,* 418 U.S. 208, 216, 94 S.Ct. 2925, 2929, 41 L.Ed.2d 706 (1974)). When ascertaining whether typicality exists, the district court is "to focus on whether the named representative's claims have the same essential characteristics as the claims of the class at large." *Appleyard v. Wallace,* 754 F.2d 955, 958 (11th Cir.1985).

**2.** The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Moreover, the typicality requirement may be satisfied even if there are factual distinctions between the claims of the named Plaintiff and other class members. *Id.* Consequently, a strong similarity of legal theories will satisfy the typicality prerequisite despite factual differences. *Id.*

In this case, the Defendants argue that the court to must deny certification because (1) KREUZFELD lacks typicality to be class representative, and (2) the Plaintiff is not a member of the proposed class. ALBER and CARNEHAMMAR contend that as KREUZFELD brings this suit as a trustee for an undisclosed beneficiary, its claims are not typical of the class of investors.

Case law, however, lead the undersigned to hold otherwise. Although it is true that a trustee who seeks to represent a class undertakes some risks and expenses incident to the effort, that is no less true of anyone, whether an individual or organization, who applies to be a class representative. As a result, a trustee is not rendered incapable of acting as a class representative because of its trustee or fiduciary status, so long as the perquisites for certification have been met. *Hochschuler v. G.D. Searle & Co.*, 82 F.R.D. 339, 346 n. 11 (N.D.Ill.1978) ("trustee status is insufficient to bar approval as a class representative"); *Markewich v. Adikes*, 76 F.R.D. 68 (E.D.N.Y.1977); *State Teachers Retirement Bd. v. Fluor Corp.*, 73 F.R.D. 569 (S.D.N.Y.1976); *Seiden v. Nicholson*, 69 F.R.D. 681 (N.D.Ill.1976).

Notwithstanding the fact that KREUZFELD may not have a beneficial interest, it is still the record and legal owner of 100,000 shares of preferred stock in ALBER which it holds as trustee for an undisclosed beneficial owner. As the Defendants are alleged to have committed wrongful acts in a "grand scheme" affecting all the preferred stockholders of ALBER, KREUZFELD would have claims which are typical of the proposed class and, hence, has satisfied the typicality requirement of Rule 23(a)(3).

## IV. FAIR AND ADEQUATE PROTECTION OF THE CLASS.

The fourth condition of Rule 23(a) provides that the representative party must "fairly and adequately protect the interests of the class." Under this criterion, the named Plaintiff must insure that (1) no conflict of interest exists between them and the putative class members and that (2) the action will be vigorously prosecuted. *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). The purpose of this requirement, as Rule 23's other procedural mandates, is to protect the legal rights of absent class members. *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718 (11th Cir. 1987). Courts interpreting the first prerequisite of 23(a)(4) have held that "the primary criterion is the forthrightness and the vigor with which the representative party can be expected to assert and defend the interests of the members of the class," *Schatzman v. Talley*, 91 F.R.D. 270, 273 (N.D.Ga.1981). In addition, the representative must not have interest which are antagonistic to those of the planned class. *Gonzales v. Cassidy*, 474 F.2d 67, 73 n. 10 (5th Cir.1973).

As the previous discussion of the commonality and typicality requirements demonstrate, KREUZFELD has a common interest with the proposed class in that it to seeks to redress alleged instances of federal securities law violations and fraud. Although the Defendants apparently argue that KREUZFELD's superior knowledge of the events of this action would also disqualify him, the degree of investment experience or sophistication of each class member is in this instance is irrelevant. *Kennedy v. Tallant*, 710 F.2d 711 (11th Cir.1983). Consequently, the court is of the opinion that this condition has been satisfied.

With respect to the second requirement of Rule 23(a)(4), it must be shown that the Plaintiff's attorney is "qualified, experienced and generally able to conduct the proposed litigation...." *Griffin v. Carlin*, 755 F.2d 1516, 1533 (11th Cir.1985); *Gonzales*, 474 F.2d at 73 n. 10. Based on KREUZFELD's attorneys' performance in this matter thus far, as indicated in Mo-

tions and hearings before the court, the court finds no reason to question their competency. They have demonstrated an understanding of the issues as well as the competence and ability to conduct this litigation.

## V. FEDERAL RULE OF CIVIL PROCEDURE 23(b)(3)

Rule 23(b)(3) sets forth two prerequisites that must be satisfied in order to maintain a class action under this subdivision. These are: (1) the questions of law or fact common to the members of the class must predominate over any questions affecting only individual members; and (2) the class action must be superior to other available methods for the fair and efficient adjudication of the controversy. In opposing the Plaintiff's Motion for Class Certification, the Defendants contend that because the proposed individual class members did not experience similar reliance on their alleged actions, common questions of law or fact do not exist, which would preclude certification under Rule 23(b)(3).

## COMMON QUESTIONS OF LAW OR FACT

██ Reliance is an essential element in all omission or misrepresentation actions under Rule 10b–5. *Lipton v. Documation,* 734 F.2d 740, 742 (11th Cir.1984), *cert. denied,* 469 U.S. 1132, 105 S.Ct. 814, 83 L.Ed.2d 807 (1985). The purpose of the reliance requirement is to establish the causal link between the Defendant's activities and the Plaintiff's injuries, thereby preventing federal securities laws from affording unlimited liability. *Id.* A Rule 10b–5 Plaintiff must, therefore, show the following: (1) a misstatement or omission, (2) of a material fact, (3) made with scienter, (4) on which the Plaintiff relied, (5) that proximately caused his injury. *Huddleston v. Herman & MacLean,* 640 F.2d 534, 543 (5th Cir. Unit A Mar. 1981), *rev'd on other grounds,* 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983).

The Plaintiff's Verified Complaint alleges that the Defendants violated Rule 10b–5 by engaging in two related but different courses of conduct. First, KREUZFELD contends that the Defendants made false representations in connection with a private offering of ALBER stock between December 1, 1986 and March 31, 1988. These misrepresentations concerned, among other things: (1) ALBER's future business plans; (2) CARNEHAMMAR's promise not to take a salary from the corporation until a positive cash flow was generated by ALBER; (3) ALBER's anticipated sales and capital requirements; and (4) what portion of the proceeds of the stock sale would go towards ALBER's working capital. Second, the Plaintiff contends that the Defendants failed to disclose material facts which would have significantly changed the class' decision to purchase the stock. These include, *inter alia:* (1) CARNEHAMMAR's employment agreement with ALBER; (2) CARNEHAMMAR's conviction of one or more "white collar crimes" in Sweden; and (3) that individuals with connections to the Defendants received a payment of $3.00 per share on the sale of each share of ALBER stock.

Based on these allegations KREUZFELD asserts three theories of liability under which common issues of law and fact necessarily would outweigh individual issues. First, the Plaintiff contends that the claims set forth in the Complaint concern primarily acts of omission and, therefore, reliance on the part of individual purchasers is to be presumed under *Affiliated Ute Citizens v. United States,* 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1975). Second, KREUZFELD argues that the actions of the Defendants involve a common course of conduct towards all members of the class and hence, any issues of individual reliance could not predominate over common questions of fact. *Kennedy v. Tallant,* 710 F.2d 711 (11th Cir.1983). Finally, the Plaintiff asserts that its claims fall under the fraud-on-the-market theory adopted in *Shores v. Sklar,* 647 F.2d 462 (5th Cir.1981) (en banc), *cert. denied,* 459 U.S. 1102, 103 S.Ct. 722, 74 L.Ed.2d 949 (1983), and recently reaffirmed in *Ross v. Bank South, N.A.,* 885 F.2d 723 (11th Cir.1989) (en banc).

### Ute Presumption

█ When a Defendant has a duty to disclose and the disclosure omits a material fact, the Plaintiff's reliance on the omission is presumed. *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972). The presumption is employed because it is difficult to prove that the Plaintiff purchased or sold a security because of what the Defendant did not disclose. *Id.* Thus, in the case of an omission, rather than a misstatement, reliance may be presumed when a Plaintiff could justifiably expect that the Defendants would have disclosed the material information. *Id.*

Ideally, a trial court should characterize a Rule 10b–5 case as either a "misrepresentation" case or an "omission" case. *Cavalier Imports, Inc. v. Caylor*, 746 F.2d 749 (11th Cir.1984). This Circuit, however, has recognized a second limitation on *Ute*, noting that such a presumption involves primarily a nondisclosure of material facts rather than misstatements. *Id.* Consequently, if an action involves both misrepresentations and omissions related to the sale of securities, it cannot be properly characterized as an omissions case of the type for which the *Ute* presumption was fashioned. *Id.* at 749 n. 22 (quoting *Huddleston*, 640 F.2d at 548).

In the present case, KREUZFELD's allegations cannot be properly characterized as either an omissions or a misrepresentation case. Rather, it would appear to involves instances of both. As the present matter does not involve "primarily a duty to disclose," *Ute*, 406 U.S. at 153, 92 S.Ct. at 1472, this case would fail to qualify for a presumption of reliance.

### Common Course or Scheme

█ As in any 10b–5 misrepresentation claim, each potential class member must prove reliance on some form of the allegedly misleading information in order to recover. *Shores v. Sklar*, 647 F.2d 462 (5th Cir.1981) (en banc), *cert. denied*, 459 U.S. 1102, 103 S.Ct. 722, 74 L.Ed.2d 949 (1983). In *Kennedy v. Tallant*, 710 F.2d 711, 717 (11th Cir.1983) the Eleventh Circuit in up-

holding the district court's certification of a class under the Securities Exchange Act of 1934, found that factual distinctions, such as variations in investment experience and each Plaintiff's degree of reliance, were not sufficient factual distinctions to preclude certification.

*Kennedy* involved a written prospectus distributed to the potential investors and the court required that each Plaintiff must have received "at least one prospectus in order to qualify as a member of the class." *Id.* at 718. Unlike the present litigation, oral representations were not at issue. *Id.* The *Kennedy* panel found no material variation between the Plaintiffs' claims, and in fact, determined that the single *written* prospectus which was given to each Plaintiff constituted a single conspiracy and fraudulent scheme against a large number of individuals.

The fact that *Kennedy* involved a single, uniform written prospectus distinguishes it from the present case in which there is no written evidence that so clearly sets forth one single common scheme. In the present action, ALBER and CARNEHAMMAR argue that the alleged oral misrepresentations themselves varied from Plaintiff to Plaintiff. The court agrees that if these oral misrepresentations were identical or if there was a written prospectus, the result in this case would be clear under the authority of *Kennedy*. Even though the facts in the present case render *Kennedy* distinguishable, however, it does not find the decision to be absolutely without application. While the exact transmission and wording of the "sales pitch" of preferred stock to the proposed class might have varied, each individual was either supplied with similar information or was not told certain information regarding CARNEHAMMAR and the dealings surrounding ALBER. Consequently, the court finds that, like *Kennedy*, one single scheme or sales pitch was given to each Plaintiff.

In a case more closely on point, the Eleventh Circuit in *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 724 (11th Cir. 1987), *cert. denied*, 485 U.S. 959, 108 S.Ct. 1220, 99 L.Ed.2d 421 (1988), found class

certification to be appropriate where the complaint alleged that a Defendant brokerage firm and individual officers engaged in a common course of conduct to misrepresent the financial condition of certain gas investment funds. The court compared the oral representations and misrepresentations made by the individual brokers to each of the named Plaintiffs and concluded that since neither the complaints nor the deposition testimony varied materially, the case was suitable for class certification. Specifically the court said:

> [T]he possibility that the named plaintiffs or other potential class members may have obtained the allegedly misleading information via their individual brokers rather than through widely distributed written information cannot transform the allegations of the complaints into claims concerning primary questions of individual reliance.

*Id.* at 724.

In the present case, KREUZFELD alleges that the Defendants, in a common scheme, disseminated misrepresentations and failed to disclose material information to preferred stock purchasers either directly and/or through their brokers. Notwithstanding that there may have been some non-material factual distinctions among the proposed Plaintiff class, common questions of law and fact, including issues of reliance and the Defendants' intent, would seem to predominate over any individual questions. Additionally, it should be noted that even though the Defendants have not addressed the issue of predominance of common issues with respect to the Plaintiff's remaining claims, the totality of the record leads the undersigned to conclude that the proposed class satisfies the first requirement of Rule 23(b)(3).

## SUPERIORITY OF CLASS ACTION

■ The court also concludes that the second requirement of Rule 23(b)(3), which mandates that the class action be superior to other methods for the fair and efficient adjudication of the controversy, has also been met. Securities fraud actions are considered especially appropriate for class ac-

tion treatment because they often involve a large number of Plaintiffs with relatively small claims. *Sheftelman v. Jones,* 667 F.Supp. 859, 863 (N.D.Ga.1987). Moreover, a class action would provide these Plaintiffs their "day in court" without further overburdening the crowded docket of the Southern District of Florida with a multiplicity of lawsuits.

In *Deposit Guar. Nat'l Bank v. Roper,* 445 U.S. 326, 339, 100 S.Ct. 1166, 1174, 63 L.Ed.2d 427, *reh'g denied,* 446 U.S. 947, 100 S.Ct. 2177, 64 L.Ed.2d 804 (1980), the Supreme Court made the following comments regarding the efficiency of class action suits, which this court finds particularly relevant to securities litigation:

> The aggregation of individual claims in the context of a classwide suit is an evolutionary response to the existence of injuries unremedied by the regulatory action of government. Where it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, aggrieved persons may be without any effective redress unless they may employ the class-action device.

## CONCLUSION

Upon due consideration, the Plaintiffs' Motion for Class Certification (DE 47) is GRANTED, and the following class is certified pursuant to Fed.R.Civ.P. 23(b)(3):

> Those individuals who purchased stock in ALBER between December 1, 1986 and March 31, 1988.

As their interest may be best protected by opting into the class, Marcus Winkler's Motion to Intervene (DE 24), Gunter Burkart's Motion to Intervene (DE 57), and Richard Schlund's Motion to Intervene (DE 58) are DENIED.

## SUMMARY JUDGMENT: LEGAL STANDARD

■ Rule 56(c) of the Federal Rules of Civil Procedure provides that on a Motion for Summary Judgment, the moving party will prevail if "there is no issue as to any material fact and ... the moving party is entitled to judgment as a matter of law."

A party seeking summary judgment bears the burden of demonstrating that there is no genuine dispute as to any material fact that should be decided at trial. *American Viking Contractors, Inc. v. Scribner Equipment Co.*, 745 F.2d 1365 (11th Cir. 1984). Only when that burden has been met does the burden shift to the non-moving party to come forward with significant probative evidence demonstrating that there is indeed the existence of a triable issue of fact. *Ferguson v. National Broadcasting Co.*, 584 F.2d 111 (5th Cir. 1978). The question for the court is "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (quoting *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448, 20 L.Ed. 867 (1872) (emphasis in original)).

In *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court held that when the nonmoving party bears the burden of proof at trial, the opposing party, moving on a Motion for Summary Judgment, has both the initial weight of going forward and proof on its claim that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Under these circumstances the movant can discharge its Rule 56 burden by simply "pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. at 2554. If the moving party has so discharged its burden, the nonmoving party must then "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553.

## MOTION FOR SUMMARY JUDGMENT

In their Motion for Summary Judgment (DE 181) the Defendants argue that they are entitled to judgment as a matter of law as there does not exist a genuine issue of material fact that the Plaintiff lacks a beneficial interest in ALBER. ALBER and CARNEHAMMAR contend that inasmuch as the Plaintiff lacks an economic stake in ALBER, KREUZFELD has not been injured by any of their alleged misconduct. In addition, ALBER and CARNEHAMMAR contend that because KREUZFELD has instituted this suit as a trustee for an undisclosed beneficiary, its claims are not typical of the class of investors. For similar reasons, the Defendants maintain that KREUZFELD cannot sustain a derivative action against ALBER as a "preferred shareholder."

## TRUSTEE STATUS: COMMONALITY AND TYPICALITY

Although the Defendants have "pointed out to the district court" that there does not exist a genuine issue of material fact as to KREUZFELD's status in this case, that is, trustee and record shareholder, they have failed to show that they are entitled to judgment as a matter of law. The sole authority cited by the Defendants in support of their argument, *East Texas Motor Freight v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977), does not even address the issue. Rather, *Rodriguez* stands for the general proposition that a class representative must be part of the class, possess the same interest and suffer the same injury as the class members. *Id.*, 97 S.Ct. at 1896.

Even if one were to assume that KREUZFELD does not have a beneficial stake, as the Plaintiff apparently concedes, it is still the record and legal owner of 100,000 shares of preferred stock in ALBER, which it holds as trustee for an undisclosed beneficial owner. As discussed previously, a trustee who seeks to represent a class undertakes some risks and expenses incident to the effort, that is no less true of anyone, whether an individual or organization, who applies to be a class representative. As a result, a trustee is not rendered incapable of acting as a class representative because of its trustee or fiduciary status, so long as the perquisites for certification have been met. *Hochschu-*

ler v. G.D. Searle & Co., 82 F.R.D. 339, 346 n. 11 (N.D.Ill.1978) ("trustee status is insufficient to bar approval as a class representative"); *Markewich v. Adikes,* 76 F.R.D. 68 (E.D.N.Y.1977); *State Teachers Retirement Bd. v. Fluor Corp.,* 73 F.R.D. 569 (S.D.N.Y.1976); *Seiden v. Nicholson,* 69 F.R.D. 681 (N.D.Ill.1976). Moreover, the court, in granting the Plaintiff's Motion for Class Certification has already determined that KREUZFELD's claims are typical of and, for the most part, common of those of the Plaintiff class.

## DERIVATIVE CLAIMS

■■■■■ As for the attack KREUZFELD's ability to bring his derivative class claims, Rule 23.1 of the Federal Rules of Civil Procedure contains two discrete standing requirements: (1) the Plaintiff must have owned stock in the Defendant corporation at the time of the transaction of which he complains, the so-called "contemporaneous ownership" requirement, and (2) the Plaintiff must be a shareholder of the Defendant corporation at the time suit is brought. The latter requirement, unlike the contemporaneous rule, is not expressly stated in the rule, but rather is implied by the statement that an action under Rule 23.1 may be "brought by one or more shareholders ... to enforce a right of a corporation." *Schilling v. Belcher,* 582 F.2d 995 (5th Cir.1978). The question of whether a Plaintiff is a stockholder within the meaning of Rule 23.1 is determined under the applicable state substantive law. 7C C. Wright & A. Miller, Federal Practice and Procedure, § 1826 (1986). As ALBER is a Florida corporation, the court looks to Florida law as to whether KREUZFELD is a "shareholder." Recently enacted Florida Statute § 607.01401(23) defines "shareholder" or "stockholder" as "one who is the *holder of record* of shares in a corporation or the beneficial owner of shares to the extent of the rights granted by a nominee certificate on file with the corporation." (emphasis added).

In this instance, the Defendants have failed to meet both of their burdens on the Motion for Summary Judgment. First, they have failed to point out that the Plaintiff is not a shareholder or stockholder in accordance with Florida Statute § 607.-01401(23). Second, they have not shown that the Plaintiff lacks standing to represent the class, that is, they are entitled to judgment as a "matter of law." Accordingly, the Defendants' Motion for Summary Judgment (DE 181) is DENIED.

## PRELIMINARY INJUNCTION

■■■■■ The law is well established that the granting or denial of a preliminary injunction is a matter within the broad discretion of the district court and is reviewable only for an abuse of discretion. *Baker v. Buckeye Cellulose Corp.,* 856 F.2d 167, 169 (11th Cir.1988). A district court may grant a preliminary injunction if the movant shows:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party, and (4) that if issued the injunction would not be adverse to the public interest.

*All Care Nursing Service v. Bethesda Memorial,* 887 F.2d 1535 (11th Cir.1989).

As injunctive relief "is an extraordinary and drastic remedy" it is not to be granted unless the movant clearly establishes the "burden of persuasion" as to the four requisites. *United States v. Jefferson County,* 720 F.2d 1511, 1519 (11th Cir.1983).

Taking these factors into consideration, along with the totality of the record, the submissions of the parties, as well as the hearing held on January 10, 1991, the undersigned is of the opinion that the Plaintiff has met its burden. Indeed, it cannot be doubted that remedy for the Plaintiff class would be meaningless if CARNEHAMMAR were permitted to place the assets of ALBER beyond the reach of this court by transferring them to a new corporation in Switzerland. *Productos Carnic, S.A. v. Cent. Am. Beef, Etc.,* 621 F.2d 683 (5th Cir.1980). *See also Usaco Coal Co. v. Carbomin Energy, Inc.,* 689 F.2d 94 (6th

Cir.1982). Consequently, the Plaintiff's Emergency Motion for Preliminary Injunction Against Defendant, Bertil L. Carnehammar (DE 170) is GRANTED and the Defendants are hereby enjoined from transferring the assets of ALBER to a corporation outside of the United States.

■ Additionally, the court would note that this is the second time that the issue of the CARNEHAMMER's communication of the instant litigation with prospective class members has been brought to the court's attention. Local Rule 19(B) of the General Rules for the United States District Court of the Southern District states, in part, the following:

> In every potential and actual class action under Rule 23, Fed.R.Civ.P., all parties thereto and their counsel are hereby forbidden, directly or indirectly, orally or in writing, to communicate concerning such action with any potential or actual class member not a formal party to the action without the consent of and approval of the communication by order of the Court.... The communications forbidden by this rule, include, but are not limited to (a) solicitation directly or indirectly of legal representation of potential and actual class members who are not formal parties to the class action; (b) solicitation of fees and expenses ...; (c) solicitation by formal parties to the class action of requests by class members to opt out in class action ...; and (d) communications from counsel or a party which may tend to misrepresent the status, purposes, and effects of the action ... which may create impressions tending, without cause, to reflect adversely on any party, any counsel ...

By order dated December 14, 1989 (DE 27), the court expressed some concern over the Plaintiff's allegations, and supporting exhibits, which seemed to indicate that CARNEHAMMAR was relating information about the suit to potential class members. At that time, the undersigned stated:

> From the evidence, Plaintiff has given the court sufficient reason to be concerned about Defendants' potential violation of Local Rule 19.B. At this stage,

the court cautions Defendants to act in accordance with the law, and in particular Local Rule 19.B, regarding alleged communication with actual and potential class members. The court will not grant the additional remedies requested by Plaintiff at this time. However, a denial of Plaintiff's Emergency Motion is without prejudice, giving Plaintiff the opportunity to bring this matter to the court's attention at a later date if deemed necessary.

Now it seems at though "necessity" has arisen. From the exhibits attached to Plaintiff's present Motion it appears that CARNEHAMMAR has communicated information, either directly or indirectly, concerning this and related actions to actual or potential class member. Moreover, in lieu of the undersigned's certification of the class, it is of importance that CARNEHAMMAR not be allowed to communicate to those who may wish to join in this proceeding without prior court approval. Consequently, in accordance with Local Rule 19(B), the Defendants and their counsel are hereby enjoined from "directly or indirectly, orally or in writing," communicating information concerning this and related actions to "any potential or actual class member not a formal party to the action without the consent of and approval of the communication by order of the Court." If this matter is brought before the court again, and it is determined that this order was violated, sanctions shall be imposed.

## DISCOVERY

■ Numerous Motions to Compel, Motions for Sanctions and Motions for Protective Order have been filed as a result of discovery being limited to issues surrounding class certification. In light of the court's certification of the class, these limitations are now moot, making it imperative that discovery on remaining issues proceed forthwith. As they undertake this task, the parties and their counsel are reminded of the *broad scope* of discovery allowed under the Federal Rules of Civil Procedure. For example, Rule 34 of the Federal Rules of Civil Procedure provides that a request to produce may "contain matters within the

scope of Rule 26(b) which are in possession, custody or control of the party upon whom the request is served," while Rule 33(b) states that "[i]nterrogatories may relate to any matters which can be inquired into under Rule 26(b)...."

Rule 26(b)(1), in turn, provides that:

Parties may obtain discovery regarding any matter, not privileged, which is *relevant* to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party.... It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

(emphasis added).

With respect to the issue of "relevancy" of discovery, discovery rules "are to be accorded a broad and liberal treatment." *Hickman v. Taylor,* 329 U.S. 495, 507–08, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947). Writing for a unanimous Supreme Court, Justice Powell in *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978) discussed the context of relevancy in Rule 26(b):

The key phrase in this definition—"relevant to the subject matter in the pending action"—has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. Consistently with the notice pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits.

(citations omitted).

Therefore, in keeping with the undersigned's broad interpretation of the Federal Rules relating to discovery, if it is determined that future discovery disputes were engendered before it as the result of recalcitrant parties, who have made less than "good faith" efforts to resolve differences, sanctions shall be imposed.[3] Counsel are hereby on notice that Rule 37 provides generally for sanctions against parties or persons unjustifiably resisting discovery. Any party or person who seeks to evade or thwart full and candid discovery incurs the risk of "serious consequence," *Diaz v. Southern Drilling Co.,* 427 F.2d 1118, 1126 (5th Cir.1970), which may involve imprisonment for contempt of court, or an order designating facts to be taken as established, striking out pleadings, rendering judgment by default, dismissal of the action or a claim therein, or assessment of expenses and attorneys' fees. 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2281 (1970 and 1991 supp.).

 In the present case, many of the discovery disputes between the Plaintiff and the Defendants have arisen as a result of events surrounding the deposing of CARNEHAMMER. As he is alleged to be the center of the supposed fraudulent activity, the court finds, that in order to get this litigation in posture for trial, it is crucial that this Defendant be deposed as soon as possible. Accordingly, the Defendant's, CARNEHAMMAR, Motion for Protective Order (DE 150), Motion for Protective Order (DE 207) and Motion to Terminate or Limit Examination (DE 178) are DENIED and the Plaintiff's Motion to Compel Response of Defendant Bertil L. Carnehammar to Deposition Questions (DE 170) is GRANTED. The court will DEFER ruling on the Plaintiff's Motion for Sanctions for Failure to Comply with Discovery Order (DE 170). Counsel for the parties shall meet within ten (10) days from the date of this order and arrange for a mutually acceptable time and place for the taking of CARNEHAMMAR's deposition. The depo-

---

**3.** Additionally, it is in the letter and spirit of the discovery rules of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida that counsel shall work together on discovery matters. As counsel should be in touch personally to resolve discovery disputes, it should be a *rare* occasion when the court is called upon to resolve such disputes.

sition *shall* take place within sixty (60) days from the date of this order.

■ With respect to the Defendants', ALBER and CARNEHAMMAR, Motion for a Protective Order Preserving Confidentiality of Documents (DE 212), the parties are reminded of the terms of the Agreed Confidentiality Order (DE 117) entered by the court on May 16, 1990. The undersigned, however, aware that the interest in providing KREUZFELD with these documents is to be balanced with the need to prevent the release of any confidential information, will limit the use of the documents at issue to the parties in the present suit for the purposes of this litigation. Following the termination of this proceeding, all copies of produced documents are to be returned to ALBER and CARNEHAMMAR. Additionally, the parties are invited to provide for the court's consideration other mutually agreed discovery guidelines.

### FINLEY v. UNITED STATES: MOTION TO DISMISS

■ By order dated December 14, 1990 (DE 177), the court granted the Defendant's, BRIGITTA CARNEHAMMER, Motion to Dismiss for Lack of Jurisdiction (DE 111) in accordance with *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). At that time it was noted that in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), federal courts were granted broad power to exercise jurisdiction over nonfederal claims between parties litigating other matters properly before the court. It was also noted that in cases following *Gibbs* and culminating with *Finley*, the application of pendent jurisdiction had been sharply narrowed.

In *Finley*, the United States Supreme Court distinguished between pendent party and pendent claim jurisdiction, noting that where a federal statute grants "jurisdiction over claims involving particular parties," but does not "confer jurisdiction over additional claims by or against different parties," the exercise of pendent party jurisdiction is excluded. *Finley, supra,* 490 U.S. at 555, 109 S.Ct. at 2010. Justice Scalia, writing for the majority, stated that "with respect to the addition of parties, as opposed to the addition of only claims, we will not assume that full constitutional power has been congressionally authorized, and will not read jurisdictional statutes broadly." *Id.,* 490 U.S. at 549, 109 S.Ct. at 2007.

In December 1990, President Bush signed the Judicial Improvements Act of 1990 ("Act"), Pub.L. No. 101–650, 104 Stat. 5089, into law. Effective December 1, 1990, the Act made numerous amendments to Title 28 of the United States Code. In what is arguably the most significant change in substantive law, 28 U.S.C. § 1367 was added, explicitly authorizing the type of pendent party jurisdiction the Supreme Court in *Finley* had found to be absent. 28 U.S.C. § 1367(a) provides that:

> Except as provided in subsections (b) or (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

In the present case, MRS. CARNEHAMMAR had been dismissed on the basis of *Finley,* at a time when its holding had been legislatively overruled by Congress. Section 310(c) of Act, however, provides that "[t]he amendments made by this section shall apply to civil actions commenced on or after the date of the enactment of this Act [December 1, 1990]." Consequently, as this litigation was instituted on October 24, 1989, the court's holding in its December 14, 1990 order (DE 177) remains the same.

### DISQUALIFICATION OF ATTORNEYS

In his Motion to Disqualify Attorneys for the Defendant for Conflict of Interest (DE 65), BOOK seeks to disqualify ALBER and CARNEHAMMAR's attorneys on the

grounds of conflict of interest. After reviewing the record, the undersigned finds that the evidence is insufficient to indicate a conflict of interest. Accordingly, the Defendant's, BOOK, Motion to Disqualify Attorneys for the Defendant for Conflict of Interest (DE 65) is DENIED.

## MOTION TO DISMISS CROSSCLAIM

In his Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted (DE 104), CARNEHAMMAR contends that BOOK's Crossclaim (DE 54) fails to properly plead a cause of action for indemnity. Under Florida law the following criteria must be set forth in order to properly allege an action for implied indemnity:

(1) the Plaintiff's Complaint must allege a cause of action against the indemnitee based at least in part on imputed liability; and

(2) the Crossclaim must set forth:

(a) the existence of a duty running from the indemnitor to the indemnitee;

(b) that the indemnitor breached this duty to the indemnitee;

(c) that the Plaintiff's injuries resulted from the same actions that breached the indemnitor's duty to the indemnitee; and

(d) the indemnitee can be held liable to the Plaintiff for the injuries or damage to the Plaintiff resulting from the indemnitor's act. *Atlantic Nat. Bank of Florida v. Vest,* 480 So.2d 1328, 1331 n. 2 (Fla. App.2d Dist.1985).

An examination of BOOK's Crossclaim leads the court to believe that CARNEHAMMAR's Motion has merit. The Crossclaim states that (1) it arises out of the transaction constituting the subject matter of the Plaintiff's Complaint (¶ 1); (2) CARNEHAMMAR represented to BOOK that he was acting legally and properly (¶ 3); (3) BOOK relied on these representations (¶ 4); and (4) CARNEHAMMAR is liable to BOOK for all damages for which BOOK may be liable (¶ 5). Accordingly, the Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted (DE 104) is GRANTED and

the Crossclaim is DISMISSED WITHOUT PREJUDICE with leave to amend. BOOK shall have ten (10) days from the date of this order in which file an Amended Crossclaim.

## MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading only by leave of court or by written consent of the adverse party; and that "leave shall be freely given when justice so requires." The discretion to grant leave to amend is within the sound discretion of the trial court and is not automatic. *National Service Industries, Inc. v. Vafla Corp.,* 694 F.2d 246 (11th Cir. 1982). "[T]he district court must take into account several factors 'such as undue delay, bad faith or dilatory motive on the part of the movant,' ... undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment." *Bamm, Inc. v. GAF Corp.,* 651 F.2d 389, 391 (5th Cir.1981), (*quoting Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

Rule 13(f) of the Federal Rules of Civil Procedure governs the amendment of counterclaims. That Rule provides:

(f) Omitted Counterclaim. When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment.

In deciding whether to grant leave to add an omitted counterclaim under Rule 13(f), the same liberal standards under Rule 15(a) are also applicable. *T.J. Stevenson & Co., Inc. v. 81,193 Bags of Flour,* 629 F.2d 338 (5th Cir. Unit A 1980).

In this instance, ALBER and CARNEHAMMAR each seek to file an Amended Answer and Counterclaims which adds two additional affirmative defense and one additional counterclaims. The Plaintiff not having opposed the Defendants' Motions and no prejudice having been shown, the Motion of Alber Corporation (U.S.A.) for

Leave to Amend Answer (DE 199) and Motion of Bertil Carnehammar for Leave to Amend Answer and Counterclaims (DE 200) are GRANTED.

## POSTPONEMENT OF TRIAL AND SPECIAL TRIAL SETTING

■ By order dated January 10, 1991, the trial of this cause was set for the two week period commencing July 15, 1991. In his Motion for Postponement of Trial and for Special Trial Setting (DE 195), CARNEHAMMAR seeks a postponement of this date and request that the trial be specially set so that notice and appropriate travel arrangements may be made for numerous out of town witnesses.

Although there are inherent difficulties associated with having out of town witnesses appear under short notice, the large volume of criminal cases currently on the docket in the Southern District of Florida and the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, does not permit the setting of a specific trial date at this time. The court, however, will do its best to notify the parties of an impending trial date.

In light of the court's certification of the class, the time needed for the "opting in" of class members and the remaining discovery which must still take place, a three month continuance in the trial of this cause would appear to be necessary. Accordingly, the Defendant's Motion for Postponement of Trial and for Special Trial Setting (DE 195) is GRANTED IN PART, DENIED IN PART. The trial of this cause if hereby re-set for the period commencing *Monday, November 4, 1991* at West Palm Beach, Florida. Counsel *shall* appear at calendar call on *Monday, October 28, 1991* at 9:00 a.m. at West Palm Beach, Florida. All other pretrial dates are amended accordingly.

In view of all the foregoing, it is hereby ORDERED and ADJUDGED that

(1) The Plaintiff's Motion for Class Certification (DE 47) is GRANTED. The following class is certified pursuant to Fed. R.Civ.P. 23(b)(3):

Those individuals who purchased stock in ALBER between December 1, 1986 and March 31, 1988.

(2) Marcus Winkler's Motion to Intervene (DE 24), Gunter Burkart's Motion to Intervene (DE 57), and Richard Schlund's Motion to Intervene (DE 58) are DENIED.

(3) The Defendants' Motion for Summary Judgment (DE 181) is DENIED.

(4) The Plaintiff's Emergency Motion for Preliminary Injunction Against Defendant, Bertil L. Carnehammar (DE 171) is GRANTED. The Defendants are enjoined from (1) transferring the assets of ALBER to a corporation outside of the United States; and (2) from directly or indirectly, orally or in writing, communicating information concerning this and related actions with any potential or actual class member, not a formal party to the action, without the consent of and approval of the communication by order of the court.

(5) The Defendant's, CARNEHAMMAR, Motion for Protective Order (DE 150), Motion for Protective Order (DE 207) and Motion to Terminate or Limit Examination (DE 178) are DENIED. Counsel for the parties shall meet within ten (10) days from the date of this order and arrange for a mutually acceptable time and place for the taking of CARNEHAMMAR's deposition. The Defendant's deposition *shall* take place within sixty (60) days from the date of this order.

(6) The Plaintiff's Motion for Leave to Serve Additional Interrogatories Upon Bertil L. Carnehammar and Alber Corporation (DE 206) is GRANTED.

(7) The Defendants', ALBER and CARNEHAMMAR, Motion for a Protective Order Preserving Confidentiality of Documents (DE 212) is GRANTED IN PART, DENIED IN PART. The parties are reminded of the Agreed Confidentiality Order (DE 117) entered by the court on May 16, 1990. Use of the documents at issue is limited to the parties in the present suit for the purposes of this litigation. Following the termination of this proceeding all copies of the produced documents are to be returned to ALBER and CARNEHAMMAR.

(8) The Defendant's, OLE BOOK, Motion to Disqualify Attorneys for the Defendants for Conflict of Interest (DE 65) is DENIED.

(9) The Defendants' Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted (DE 104) is GRANTED and the Crossclaim is DISMISSED WITHOUT PREJUDICE with leave to amend. BOOK shall have ten (10) days from the date of this order in which to file an Amended Crossclaim.

(10) The Defendant's, ALBER, Motion of Alber Corporation (U.S.A.) for Leave to Amend Answer (DE 199) is GRANTED.

(11) The Defendant's, CARNEHAMMAR, Motion of Bertil L. Carnehammar for Leave to Amend Answer and Counterclaims (DE 200) is GRANTED.

(12) The Plaintiff's Motion to Compel Response of Defendant Bertil L. Carnehammar to Deposition Questions (DE 170) is GRANTED. The court will DEFER ruling on the Plaintiff's Motion for Sanctions for Failure to Comply with Discovery Order (DE 170).

(13) The Plaintiff's Motion to Strike Claim for Punitive Damages and Attorneys' Fees (DE 196) is DENIED AS MOOT. The court will DEFER ruling on the Plaintiff's Motion to Strike Claim for Punitive Damages and Attorney's Fees (DE 216).

(14) The Defendant's Motion for Postponement of Trial and for Special Trial Setting (DE 195) is GRANTED IN PART, DENIED IN PART. The trial of this cause if hereby re-set for the period commencing *Monday, November 4, 1991* at West Palm Beach, Florida. Counsel *shall* appear at calendar call on *Monday, October 28, 1991* at 9:00 a.m. at West Palm Beach, Florida. All other pretrial dates are amended accordingly.

DONE and ORDERED.