In re Mack SANDERS, Debtor.

**FIRST NATIONAL BANK & TRUST COMPANY IN GREAT BEND,**
Plaintiff/Appellee,

v.

**Mack SANDERS, Defendant/Appellant.**

No. 3–88–0675.
Bankruptcy No. 387–01069.
Adv. No. 387–0238.

United States District Court,
M.D. Tennessee,
Nashville Division.

May 25, 1989.

William R. O'Bryan, Jr., Nashville, Tenn., for plaintiff/appellee.

William P. Sutherland, Nashville, Tenn., for defendant/appellant.

## MEMORANDUM

MORTON, Senior District Judge.

Appellant Mack Sanders appeals a judgment of the United States Bankruptcy Court declaring Sanders' debt to appellee First National Bank & Trust Company nondischargeable pursuant to 11 U.S.C. § 523. Having withdrawn two issues, the appellant now asserts only four grounds for reversal. First, the appellant asserts that the bankruptcy judge erred in finding a causal connection between misrepresentations in Sanders' financial statement and the appellee's extension of credit. Second, the appellant contends that the bankruptcy judge erred in finding that the appellee placed material, substantial, and reasonable reliance on the false financial statement. Third, the appellant argues that the bankruptcy judge applied the wrong standard of proof of reliance. Finally, as a fallback position, the appellant attacks the judge's finding that the entire amount of the judgment was credit extended as a direct and proximate result of the financial statement. As explained below, this court concludes that each assertion of error is without merit. The judgment of the United States Bankruptcy Court is therefore affirmed.

■ Before addressing the four issues mentioned above, the court briefly notes a fifth issue raised by the appellant. Bankruptcy Rule 8013 forbids this court from setting aside the factual findings of the bankruptcy judge unless those findings are clearly erroneous. Despite the fact that the bankruptcy rules were drafted by the Supreme Court,[1] and despite the fact that the Sixth Circuit has no problem with the constitutionality of Rule 8013,[2] and despite the fact that Rule 8013 in no way conflicts with *Northern Pipeline Construction Co. v. Marathon Pipe Line Company*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982),[3] the appellant complains that Rule

---

1. *See* 28 U.S.C. § 2075.

2. *See In Re Martin*, 761 F.2d 1163, 1166 (6th Cir.1985). *Accord In re Mullet*, 817 F.2d 677 (10th Cir.1987); *In re Branding Iron Motel, Inc.*, 798 F.2d 396 (10th Cir.1987); *Harman v. Levin*, 772 F.2d 1150 (4th Cir.1985); *Matter of T & B General Contracting, Inc*, 833 F.2d 1455 (11th Cir.1987).

3. If this were not a "core proceeding," this issue might require a more detailed analysis. However, this case clearly involves a core proceeding. At the very least, *Northern Pipeline* suggests that it is entirely appropriate for a bankruptcy court, as an "adjunct" to the district court, to make factual determinations in a core proceeding as long as those determinations are subject to review by an Article III court for being clearly erroneous. *Northern Pipeline* even provides ample support for arguing that Article III limitations do not apply to "core proceedings" by virtue of Article I, section 8. Neverthe-

8013 violates Article III of the United States Constitution. Beyond what has already been stated, the court gives this argument the further attention that it deserves—none.

■ The first three issues raised by the appellant are very closely intertwined. As noted earlier, the appellant objects to the bankruptcy court's finding of a causal connection between the misrepresentations and the extension of credit. Likewise, the appellant objects to the finding of material, substantial and reasonable reliance upon the false financial statement. However, if there was reasonable, material and substantial reliance, then there was also obviously causation. Reliance is not reliance if it did not cause some action or inaction. Thus, despite the appellant's formulations of the issues, they are probably best articulated as separate inquiries into whether there was reliance to such an extent that the "credit [was] obtained by use of [the false financial] statement," and if so, whether that reliance was reasonable.[4] *See* 11 U.S.C. § 523. The correctness of these determinations relate, in turn, to the third issue of whether the bankruptcy judge applied the correct standard of proof of reliance. This third issue is a question of law and is therefore subject to de novo review by this court. The first two are factual inquiries subject to the clearly erroneous standard already discussed.

The appellant's attack upon the standard of proof of reliance used by the bankruptcy court focuses on one statement by the court that "[t]he reliance element is now almost a feather where maybe it was a club at one time." The appellant also argues that the court "placed untoward and inappropriate reliance on three opinions from the United States Court of Appeals for the Sixth Circuit."

■ This court finds no fault with the standard of proof used by the bankruptcy court. The three opinions mentioned by the bankruptcy court are very relevant and provide the necessary Sixth Circuit guidance on the issue of reliance. *See Knoxville Teachers Credit Union v. Parkey*, 790 F.2d 490 (6th Cir.1986); *In re Phillips*, 804 F.2d 930 (6th Cir.1986); *In re Martin*, 761 F.2d 1163 (6th Cir.1985). Apparently, the appellant believes the guidance from these three cases to be limited by the fact that much smaller amounts of money were involved in those cases. This court does not deem this distinction to be of great significance. Of much greater importance is the fact that all three cases emphasized that the reliance element "cannot be said to be a rigorous requirement, but rather is directed at creditors acting in bad faith." *Martin*, 761 F.2d at 1166; *Parkey*, 790 F.2d at 492; *Phillips*, 804 F.2d at 933. This is not a standard which would change according to the amount of money involved. Accordingly, this is the standard which should be applied in this case, and it appears that it was indeed the standard applied.

Placed within the entire context of the bankruptcy court's findings and discussion of precedent, there is nothing wrong with the statement that "[t]he reliance element is now almost a feather...." The word picture painted by the bankruptcy court's "almost a feather" as opposed to a "club" analogy is just that—a word picture. It was not intended to be a precise articulation of the standard of proof. It did, however, convey the idea that the reliance inquiry is not very stringent. In view of the Sixth Circuit's emphasis on aiming the requirement at creditors acting in bad faith, it was very appropriate to convey just such an idea. Furthermore, the Sixth Circuit has accepted that "dischargeability shall

less, it is unnecessary to address that question today.

4. The appellant's use of the word "material" may have been intended to raise an issue of whether the bankruptcy court correctly determined that the financial statement was *materially* false. The appellant has clearly dropped opposition to the finding of falsity, but he may

be arguing that the statement was not materially false. Such an argument, if being made, is ridiculous. The financial statement misrepresented the appellant's net worth by millions of dollars. Additionally, it concealed the fact that the appellant's business had suffered greatly since submission of the previous financial statement. Materiality is therefore unquestionable.

not be denied where a creditor's claimed 'reliance' ... would be *so* unreasonable as not to be actual reliance at all." *Phillips*, 804 F.2d at 930. This certainly suggests a very relaxed reliance requirement. Accordingly, the court rejects the contention that the bankruptcy court applied the wrong standard of proof.

 Likewise, the court finds no fault with the findings of reliance and of the reasonableness of that reliance. The financial statement at issue represented the appellant's net worth to be millions of dollars above what it really was. More importantly, when viewed in conjunction with previous financial statements submitted to the bank, this particular financial statement showed the appellant's business fortunes as improving, when in fact they were suffering a dramatic reversal. Don Pundsack, president of the bank, testified that he compared the financial statement to the one from the previous year. Since the two statements "were pretty consistent with each other," and since there were no "red flags" to suggest further inquiry was necessary, no further independent investigation was done. Pundsack also specifically testified that the bank would not have extended any credit or renewal of credit if the inaccuracies of the financial statement had been known. This is sufficient proof of reliance. Given the long historical relationship between the bank and the appellant, as well as the absence of "red flags," no further inquiry was necessary in order to satisfy the requirement that the reliance be reasonable. *See Phillips*, 804 F.2d at 933. As already noted, the bankruptcy court's finding of reasonable reliance may not be disturbed unless clearly erroneous. In this case, however, this court would not disturb the finding even if a de novo review was appropriate. *A fortiori*, the court does not believe the finding to be clearly erroneous.

The only contention with some credence is the appellant's claim that only part, if any, of the debt should be nondischargeable. This argument is based on the idea that some credit would have been extended even if the appellant had accurately presented his financial condition to the bank. As a matter of theory, the appellant correctly asserts that only that amount of debt extended in reasonable reliance upon the false statement is nondischargeable. In this case, however, Mr. Pundsack testified in essence that no credit would have been extended if the truth about the appellant's financial condition had been revealed. Given the serious nature of the appellant's financial reversals, this court cannot say the bankruptcy court's acceptance of this testimony was clearly erroneous.

The decision of the bankruptcy court is affirmed.