ST. BERNARD BANK &
TRUST COMPANY

v.

Frederick J. SIGUR, Jr.

In re Frederick J. SIGUR, Jr., Debtor.

Civ. A. No. 93–4016.
Bankruptcy No. 92–13168.
Adv. No. 93–1011.

United States District Court,
E.D. Louisiana.

June 3, 1994.

Henry L. Klein, New Orleans, LA, for Frederick J. Sigur, Jr., appellant.

Rudy J. Cerone, Timothy H. Scott, McGlinchey, Stafford & Lang, New Orleans, LA, for St. Bernard Bank & Trust Co., appellee.

### ORDER

LIVAUDAIS, District Judge.

This matter is before the Court on an appeal by St. Bernard Bank & Trust Compa-

ny ("Bank" or "creditor") from the judgment of the Bankruptcy Court discharging a debt of $237,122.59 owed by debtor, Frederick J. Sigur, Jr. ("Sigur, Jr." or "debtor") to the Bank. Finding the Bankruptcy Court's decision is not clearly erroneous, the Court affirms.

### Facts

Beginning in 1974, debtor began borrowing money from the Bank. His debt to the Bank increased over an eighteen-year period to 1992 when he filed a petition for bankruptcy under Chapter 7. In about 1987, Sigur, Jr. began having trouble satisfying his obligation to the Bank. The fact that Sigur, Jr. was delinquent on his loan payments was a source of embarrassment for debtor's father, Frederick Sigur, Sr. ("Sigur, Sr."), as debtor's father was a member of the Board of Directors of the Bank for approximately twenty-five years. In order to help his son pay the debt, Sigur, Sr. lent debtor in excess of $200,000 during the course of debtor's relationship with the Bank. Sigur, Jr.'s borrowing relationship with the Bank was handled by Joseph Meraux, a friend of Sigur, Sr. and the late president and chief executive officer of the Bank. Meraux died in 1992.

In executing financial statements for the Bank for 1988, 1989, and 1991, Sigur, Jr. failed to list the debt he had incurred with his father, as well as various gambling debts to Las Vegas casinos. As a result of the failure to list these debts on the financial statements, the Bank brought the instant action to declare Sigur, Jr.'s debt to the Bank non-dischargeable. On appeal the Bank asserts that the Bankruptcy Court (1) erred in holding Sigur, Jr.'s debt to the Bank dischargeable, and (2) erred in finding the Bank did not reasonably rely on debtor's financial statements.

### Analysis

■ Title 11, section 523 of the United States Code provides in part that a debt of an individual debtor is not dischargeable if such debt was obtained by "use of a statement in writing (i) that is materially false; (ii) respecting the debtor's ... financial condition; (iii) on which the creditor to whom the debtor is liable for such money ... reasonably relied; and (iv) that the debtor

caused to be made or published with intent to deceive[.]" 11 U.S.C. § 523(a)(2)(B). The burden of proof that a debt is nondischargeable is on the creditor asserting nondischargeability. *Hill v. Smith*, 260 U.S. 592, 595, 43 S.Ct. 219, 220, 67 L.Ed. 419 (1923); *In re Stratton*, 140 B.R. 720, 724 (Bkrtcy. N.D.Ill.1992). Furthermore, "for purposes of section 523(a)(2)(B), the reasonableness of a creditor's reliance is a question of fact, which is reviewable only for clear error." *In re Coston*, 991 F.2d 257, 259 (5th Cir.1993) (en banc) (reversing *In re Jordan*, 927 F.2d 221 (5th Cir.1991), to the extent that *Jordan* held the reasonableness of the reliance is a conclusion of law).

■ Actual reliance does not require a rigorous standard of proof. *In re Sanders*, 110 B.R. 328, 330–31 (M.D.Tenn.1989). A court may even base a finding of actual reliance on testimony that a creditor would not have extended credit had the inaccuracies in the financial statements been known. *Id.* at 331. Similarly, "if a financial statement is materially false and intended to deceive, then a showing that the creditor 'relied' upon it arguably requires no more than that the creditor took it into account and gave it weight." *In re Goodrich*, 999 F.2d 22, 25 (1st Cir.1993).

■ However, the question of reliance remains a factual inquiry, and a court should not set aside a finding of fact unless it has a "definite and firm conviction that a mistake has been committed." *Coston*, 991 F.2d at 261 (citing *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985)). Furthermore, "[i]f the bankruptcy court's 'account of the evidence is plausible in light of the record viewed in its entirety,' [a court] will not reverse it." *Coston*, 991 F.2d at 262 (citation omitted).

■ The Bank relies on the testimony of Allen Tillery, a long-time Bank official, for the proposition that the Bank would not have continued to loan money to Sigur, Jr. if it had known of the nonstated debts. However, there was substantial testimony from which the Bankruptcy Court could conclude that neither Mr. Tillery, nor any other Bank officer or official, with the exception of Mr.

Meraux, ever saw the subject financial statements, let alone relied on them. The record reflects that Mr. Meraux handled the Sigur, Jr. loan exclusively, and the rest of the Bank officials and Board of Directors were ignorant as to the content of any financial statements submitted by the debtor. As Mr. Tillery himself testified, the board never saw the statements.

In its orally assigned reasons, the Bankruptcy Court found that Sigur, Jr. did in fact submit materially false financial statements to the Bank. However, the Bankruptcy Court found that the Bank failed to prove reasonable reliance on these statements. Sigur, Sr., a personal friend of Meraux during the relevant period, testified that Meraux knew of the debt between debtor and his father despite the fact that it was not included on the financial statements. In addition, while the financial statements reflected on their face that the debtor's net worth went from some $800,000 to $20,000 as of the last statement, Meraux nevertheless continued to forebear on collection of the debt; this in spite of the fact that debtor was seriously delinquent and had severe cash flow problems. Simply put, the Bankruptcy Court found that there was no showing that Mr. Meraux or the Bank reasonably relied upon the subject financial statements. "Reliance is not reliance if it did not cause some action or inaction." *Sanders,* 110 B.R. at 330.

Based on a review of the record, it appears that the judgment of the Bankruptcy Court is not clearly erroneous.

Accordingly,

**IT IS ORDERED** that the judgment of the Bankruptcy Court be and hereby is **AFFIRMED.**

### *JUDGMENT*

Considering the briefs filed, the law, the record, and for the reasons assigned this date,

**IT IS ORDERED, ADJUDGED AND DECREED** that there be judgment herein in favor of appellee, Frederick Sigur, Jr., and against appellant, St. Bernard Bank & Trust Company, **AFFIRMING THE JUDGMENT OF THE BANKRUPTCY COURT** and **DISMISSING THE APPEAL,** with costs.